## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEADERSHIP  PLATFORM ACQUISITION** )<br>**CORPORATION, D/B/A ENVISION EMI, LLC** )<br>**1919 Gallows Road** )<br>**Vienna, Virginia 22182** )<br> )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**RICHARD ROSSI** )<br>**3133 O Street, N.W.** )<br>**Washington, DC 20007** )<br> )<br>**and** )<br> )<br>**NATIONAL ACADEMY OF FUTURE** )<br>**PHYSICIANS AND MEDICAL SCIENTISTS** )<br>**1701 Pennsylvania Avenue, N.W., Suite 300** )<br>**Washington, DC 20006,** )<br> )<br>**Defendants.** )<br>_____) | **Civil Action No. 1:14-cv-01374**<br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Leadership Platform Acquisition Corporation d/b/a Envision EMI, LLC

("Envision"), brings this civil action against defendants, Richard Rossi and the National

Academy of Future Physicians and Medical Scientists (the "Academy"), for false or misleading

description and representation of fact that is likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of the Academy's services with those of

Envision, under 15 § 1125(a) (Lanham Act) and D.C. Code § 28-3904 (unfair trade practices);

and for unfair competition and breach of contract under the common law.  Based upon actual

knowledge as to itself and its own actions, and on information and belief as to all other persons

and events, Envision alleges:

**Jurisdiction**

1.  The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) (Lanham Act), and 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship  and the amount in controversy exceeds $75,000), and 1367(a) (supplemental).

2.  The Court has personal jurisdiction over defendants because they reside in the District of Columbia.

**Venue**

3.  Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1), (2).

**Parties**

4.  Leadership Platform Acquisition Corporation is a Delaware corporation with its principal place of business in Vienna, Virginia.  In 2011, it acquired Envision EMI, LLC.

5.  Richard Rossi is the President and Executive Director of the National Academy of Future Physicians and Medical Scientists.

6.  The National Academy of Future Physicians and Medical Scientists describes itself on its website as a registered entity located in the District of Columbia.

**Background Facts**

**7**.  Envision was founded in 1985 by Richard Rossi and Barbara Harris.

8.  Envision is a leading experiential education organization dedicated to enabling students in elementary school, middle school, high school, and college to explore career interests and gain learning experiences outside the classroom.

9.  Since Envision's founding, hundreds of thousands of students in more than 145 countries have participated in its programs, including the Global Young Leaders Conference, the Junior National Young Leaders Conference, the Congressional Youth Leadership Council, and

the National Youth Leadership Forum, as well as its career-focused programs covering engineering, technology, digital media, and medicine.

10.  Envision's medicine program, entitled the National Youth Leadership Forum – Careers in Medicine, is Envision's largest and most successful program, accounting for a substantial portion of enrollments.  Over the years, Envision has invested substantial time, personnel, and financial resources developing, promoting, and marketing this program.  Despite competition from organizations other than the Academy, enrollment in Envision's medicine program increased during the period 2011-2013.

11.  In 2011, Leadership Platform Acquisition Corporation, an affiliate of Gryphon Investors, LLP ("Gryphon"), purchased Envision from Rossi and Harris.

12.  In conjunction with that purchase, Gryphon and Rossi entered into a Consulting and Non-Competition Agreement as of October 14, 2011.

13.  Under the terms of the Consulting and Non-Competition Agreement, Rossi agreed not to be involved in any competing business through December 31, 2012.  Rossi also agreed, without any time limitation, to be bound by a confidentiality clause.  The confidentiality clause prohibits Rossi from using for his own purposes, or from disclosing to any third party, confidential Envision information, without the prior consent of Gryphon's Board of Directors, unless such information became generally known to the public other than as a result of Rossi's acts or omissions.  Such confidential information includes information, observations, and data relating Envision's business which Rossi obtained as an employee, officer, manager, and member of Envision, or during the period of the Agreement.

14. In 2012, Envision EMI merged with LeadAmerica to create Envision, a comprehensive offering of programs to help students develop the leadership and career skills needed to succeed in today's competitive college and career landscape.

## Defendants' Unlawful Conduct

15. In 2013, Envision learned that the Academy, which had been formed by Rossi on or about January 22, 2013, began marketing a program to high school students in the medical field through the use of materials and tactics that were based on confidential Envision information to which Rossi had access while he was associated with Envision and that likely confused students into believing that the Academy program was an Envision program. The Academy is continuing to use these likely confusing materials and tactics today.

16. The Academy materials and tactics that likely confuse students into believing that the Academy program is an Envision program include:

- Using direct mail marketing packages that are confusingly similar to those used by Envision, with the same shape and color envelope, the same return address on Pennsylvania Avenue except for one digit, and the same or very similar stamps;

- Directly replicating the process and formula used by Envision in its marketing packages, including the use of the same list sources and language confusingly similar to the language used by Envision regarding recognition, nomination, and high achieving scholars, as well as the consistent use of the designation "Scholar" which, to the best of Envision's knowledge, is used exclusively by Envision and no direct competitor other than the Academy;

- Using marketing letters whose format, font, and tone are confusingly similar to those used by Envision;

- Employing an approach to the use of inserts in direct mail packages that is confusingly similar to the one used by Envision;

- Using a logo that features a circle design with stars and the Caduceus that is confusingly similar to the logo for Envision;

- Providing on the Academy website, www.futuredocs.com, in the guise of biographical information about Rossi, extensive material about the success of Envision programs in general and Envision's medicine program in particular, which does not clearly state that Rossi is not presently associated with Envision or its programs;

- Providing on the Academy website, in the guise of biographical information about Rossi, facts and references about enrollments in Envision programs that are derived from confidential Envision information which Rossi is contractually-obligated not to disclose, that have nothing to do with the Academy program, and that give the false impression that the Envision and Academy programs are connected.

17.  Student postings in social media, and the return of Academy materials to Envision, demonstrate that Rossi and the Academy have used materials that likely have caused and likely will continue to cause confusion in the marketplace between Academy and Envision programs.

18.  Rossi unlawful conduct, as described in the preceding paragraphs, is intentional and malicious , as demonstrated by the fact that, until recently, any effort by Envision to access the Academy's website was blocked and met with a mocking figure and the word "problem?"

19.  Rossi is aware that his conduct is unlawful, as demonstrated by his assertion in a letter to the head of Envision dated July 15, 2014, that: "I will adjust my marketing and PR strategy to legally neutralize any threat to my company."

20.  To the best of Envision's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, there is evidentiary support or there likely will be evidentiary support after a reasonable opportunity for further investigation or discovery to show that the unlawful conduct of Rossi and the Academy described in the preceding paragraphs has caused a severe drop in enrollments at Envision programs – with enrollment in Envision's medicine program, down by over 35% in 2014 – and it has inflicted severe economic injury upon Envision, including the loss of millions of dollars of revenue.

21.  Rossi and the Academy will continue to engage in the unlawful conduct described in the preceding paragraphs, and to inflict severe economic injury upon Envision, unless and until enjoined from doing so by this Court.

## FIRST CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22.  Envision realleges each allegation in the preceding paragraphs.

23.  Envision asserts a claim against Rossi and the Academy for injunctive relief and money damages in an amount to be determined at trial under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for making false or misleading descriptions and representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Academy's programs with those of Envision.

## SECOND CLAIM FOR RELIEF
### (Violation of D.C. Code § 28-3904)

24.  Envision realleges each allegation in the preceding paragraphs.

25.  Envision asserts a claim against Rossi and the Academy for injunctive relief and money damages in an amount to be determined at trial for engaging in unfair trade practices, in violation of D.C. Code § 28-3904.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition)

26.  Envision realleges each allegation in the preceding paragraphs.

27.  Envision asserts a claim against Rossi and the Academy for injunctive relief and money damages in an amount to be determined at trial for engaging in unfair competition, in violation of the common law.

### FOURTH CLAIM
### (Breach of Contract- Defendant Rossi Only)

28.  Envision realleges each allegation in the preceding paragraphs.

29.  Envision asserts a claim against Rossi for injunctive relief and money damages in an amount to be determined at trial for breach of the confidentiality clause in the Consulting and Non-Competitive Agreement of October 14, 2011, between Rossi and Leadership Platform Acquisition Corporation.

### PRAYER FOR RELIEF

On the basis of the foregoing allegations and claims, Envision seeks relief from Rossi and Academy as follows:

A.  As to all claims, that Rossi and the Academy be preliminarily and permanently enjoined from using in any form or manner any materials that likely can or will cause confusion between the Academy's programs and Envision's programs;

B.  As to all claims, that Rossi and the Academy pay Envision money damages in an amount to be determined at trial;

C.  That the Court award Envision its costs and reasonable attorneys' fees;

D.  That the Court grant Envision such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

\_\_\_\_/s/Neil H. Koslowe_____
Neil H. Koslowe
D.C. Bar No. 361972
The Potomac Law Group, PLLC
801 Pennsylvania Avenue, N.W.
Suite 946
Washington, DC 20004
Telephone: (202) 508-8118
Facsimile:  (202) 318-7707
E-mail: nkoslowe@potomaclaw.com

Dated: August 13, 2014